# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KATRINA B. COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-CV-467 |
| | ) |
| SCHOOL CITY OF HAMMOND | ) |
| INC., DIANE SCHWEITZER, | ) |
| in her Official Capacity, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Amended Complaint, filed on April 6, 2015. For the reasons set forth below, this motion is **DENIED** in part and **GRANTED** in part. The motion is **GRANTED** as to (1) Plaintiff's Title VII claims arising from EEOC Charge Nos. 24B-2011-0040 and 24B-2013-0016; (2) Plaintiff's claims under Section 1981 and Section 1983; and (3) Plaintiff's claims against Diane Schweitzer. The motion is **DENIED** as to Title VII claims arising under EEOC Charge Nos. 470-2014-01277 and 470-2014-02282.

BACKGROUND

Katrina B. Comer ("Comer") was employed by the School City of Hammond, Inc. ("Hammond School") as a painter from May 2010 until July 1, 2014. During her time with Hammond School, Comer filed several EEOC charges.

On March 22, 2011, Comer filed her first discrimination charge against Hammond School (Charge No. 24B-2011-00040). Comer alleged that, because of the constant harassment and intimidation from her white, male coworkers, Hammond School was liable to her for discrimination based on her race and sex, in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e-5.

Thereafter, in February of 2013, Comer filed Charge No. 24B-2013-00016 against Hammond School. Here, Comer alleged that Diane Schweitzer, the Director of Buildings and Grounds, harassed her and retaliated against her because Comer made an internal complaint and filed the previous EEOC complaint.

Over a year later, on March 29, 2014, Comer filed Charge No. 470-2014-01277 against the Hammond School. In this charge, Comer alleged that she was retaliated against for filing the two previous charges and discriminated against due to her race and sex by being prevented from operating school-owned vehicles.

A few months later, on July 10, 2014, Comer filed Charge No. 470-2014-02282 against the Hammond School. Under this charge,

Comer alleged Defendants terminated her position in retaliation for filing the three previous charges. The EEOC issued its Dismissal and Notice of Rights on September 30, 2014, for Charge No. 470-2014-02282.

On December 29, 2014, Comer filed a *pro se* employment discrimination complaint against Defendants. The complaint alleged discrimination and retaliation under Title VII, 42 U.S.C. section 1981, and 42 U.S.C section 1983. Thereafter, on January 30, 2015, Defendants filed a motion to dismiss. In response, Comer secured legal representation and filed an amended complaint. The amended complaint alleges multiple claims, as follows: 1) unlawful discrimination and job elimination based on race and sex in violation of Title VII; 2) retaliation in violation of Title VII; 3) a claim pursuant to 42 U.S.C. section 1983 for a violation of the Fourteenth Amendment; and 4) a violation of 42 U.S.C. section 1981.

On April 6, 2015, the Defendants filed the instant motion to dismiss the amended complaint. The motion is now fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than fraud and mistake are

governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" showing that the pleader is entitled to relief.

In order to survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.,* 521 F. 3d 686, 692 (7th Cir. 2008). However, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006).

In her response to the instant motion to dismiss, Comer has agreed to dismiss Diane Schweitzer in her official capacity. She has also agreed to withdraw all claims under 41 U.S.C. section 1981 and 42 U.S.C. section 1983. Accordingly, the motion to dismiss is **GRANTED** as to Comer's claims against Diane Schweitzer in her official capacity and all claims arising under 41 U.S.C. section 1981 and 42 U.S.C. section 1983.

This leaves only Comer's Title VII claims against Hammond School to address. Hammond School has attached numerous exhibits to their motion to dismiss. The documents include EEOC charges,

right to sue letters, and the contents of EEOC files. When reviewing a motion to dismiss, the court generally considers only the factual allegations of the complaint and any reasonable inferences that can be drawn from those allegations. *See Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013). The court may, however, examine information from documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir. 2014) (quotation omitted).[1] Such documents may be considered by the court in ruling on the motion to dismiss without converting the motion into a motion for summary judgment. *See Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 505 (7th Cir. 2013). However, this is a "narrow exception" to the general rule that consideration of extraneous material requires conversion to a summary judgment motion. *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002). When extraneous materials are presented, it is within the court's discretion either to exclude the materials and handle the case as a straightforward motion to dismiss, or to consider the materials

---

[1] Defendants argue that "documents that are critical to the complaint" can be considered, citing *Geinowski v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). *Geinowski*, however, consistent with *Adams*, actual states that "documents that are critical to the complaint and *referred to in it*" can be considered in ruling on a motion to dismiss. *Id.* (emphasis added).

5

and convert to summary judgment.  *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  In the instant case, this Court declines to convert the motion to dismiss into a summary judgment motion.  Accordingly, before addressing the Title VII claims, the Court must determine which, if any, of these exhibits can be properly considered in conjunction with the motion to dismiss.

The EEOC charges are referenced in the amended complaint and are central to Comer's claims.  Therefore, they can be properly considered by this Court.  Likewise, one of the right to sue letters (for Charge No. 470-2014-02282) is referenced in the amended complaint and can be properly considered by the Court – in fact, Comer attached it to the amended complaint.  The other materials, however, are not necessary to resolving the instant motion and will be disregarded.  *See Macias v. Bakersfield Restaurant,* 54 F.Supp.3d 922, 927 (N.D. Ill. 2014).

Comer's amended complaint references each of the four EEOC charges discussed above.  Hammond School claims that Comer's Title VII claims arising from two of the four charges are time barred: Charge Nos. 24B-2011-0040 or 24B-293-0016.  In response, Comer concedes that claims arising from these two charges are time-barred because she did not file any action within 90 days of her receipt of the right to sue letters.  Hammond School has not

6

challenged the timeliness of Comer's claims arising from Charge Nos. 470-2014-01277 No. 470-2014-02282.[2]

Hammond School, however, wants more than just a ruling that Comer cannot proceed on claims stemming from these two earlier EEOC charges – Hammond School has asked this Court to dismiss paragraphs 17 through 22 of the amended complaint with prejudice. The aforementioned paragraphs contain factual allegations, not legal claims. Whether those facts are relevant to the remaining timely claims stemming from EEOC Charge Nos. 470-2014-01277 and 470-2014-02282 is a question more appropriately resolved at a later stage of this litigation.

CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on January 30, 2015, is **GRANTED** as to (1) Plaintiff's Title VII claims arising from EEOC Charge Nos. 24B-2011-0040 and 24B-2013-0016; (2) Plaintiff's claims under Section 1981 and Section 1983; and (3) Plaintiff's claims against Diane Schweitzer. The motion is **DENIED** as to Plaintiff's Title

---

[2] Hammond School's reply brief claims that "Plaintiff does not dispute that all of her previous EEOC claims are time barred with the exception of the last one, No. 470-2014-02282." (DE #23 at 2). Hammond School, however, only argued that the first two EEOC claims were untimely. Comer cannot be expected to respond to arguments that were not made. The burden of demonstrating dismissal is appropriate rests with the movant, and here, Hammond School has not offered *any* argument that claims arising from Charge Nos. 470-2014-01277 and 470-2014-02282 are untimely.

7

VII claims arising under EEOC Charge Nos. 470-2014-01277 and 470-2014-02282.

**DATED: December 15, 2015**       **/s/RUDY LOZANO, Judge**
                                   **United States District Court**